IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02494-BNB

GLENN DAVIS,

      Applicant,

v.

JAMES FALK, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Glenn Davis, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Davis has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) ("the Application") challenging the validity of his conviction in Adams County District Court case number 03CR685.

On September 13 and October 7, 2013, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On November 7, 2013, Respondents filed a Pre-Answer Response (ECF No. 13) arguing that the Application is untimely and that many of Mr. Davis' claims are unexhausted and procedurally barred.  On November 21, 2013, Mr. Davis filed a "Motion to Accept Habeas Corpus as 'Timely Filed'" (ECF No. 14) and a "Second Motion for Appointment of Counsel for Habeas Corpus" (ECF

No. 15).

The Court must construe the Application and other papers filed by Mr. Davis liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as untimely.  The "Motion to Accept Habeas Corpus as 'Timely Filed'" and the "Second Motion for Appointment of Counsel for Habeas Corpus" will be denied.

The crimes for which Mr. Davis was convicted involved sexual assaults against his girlfriend's three daughters.  Mr. Davis was convicted by a jury on three counts of sexual assault on a child, three counts of sexual assault on a child by one in a position of trust, three counts of sexual assault on a child by one in a position of trust-pattern of abuse, one count of sexual exploitation of a child, and one count of transfer of marijuana to a person under fifteen years of age.  Mr. Davis was sentenced to a combination of consecutive and concurrent sentences totaling sixty years to life in prison.  The judgment of conviction was affirmed on direct appeal.  *See People v. Davis*, No. 05CA1792 (Colo. App. Aug. 30, 2007) (unpublished) (ECF No. 13-6).  On January 22, 2008, the Colorado Supreme Court denied Mr. Davis' petition for writ of certiorari on direct appeal.  (*See* ECF No. 13-8.)

On May 22, 2008, Mr. Davis filed in the trial court a postconviction motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure.  (*See* ECF No. 13-1 at 10.)  That motion was denied on May 28, 2008, and Mr. Davis did not appeal.  (*See id.*)

2

On June 26, 2008, Mr. Davis filed in the trial court a motion for appointment of counsel. (*See id.*) On June 30, 2008, the trial court denied the motion for appointment of counsel because no other motions were pending. (*See id.*)

On July 18, 2008, Mr. Davis filed in the trial court another motion for appointment of counsel along with a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See id.*; ECF No. 13-2.) On July 24, 2008, the trial court denied the Rule 35(c) motion without a hearing and without appointing counsel. (*See* ECF No. 13-3.) Mr. Davis did not appeal.

On September 3, 2010, Mr. Davis filed in the trial court a second postconviction Rule 35(c) motion. (*See* ECF No. 13-1 at 10.) The trial court denied that motion without a hearing on September 8, 2010. (*See id.*) Mr. Davis filed an appeal and the trial court's September 8, 2010 order was affirmed. *See People v. Davis*, No. 11CA0465 (Colo. App. Aug. 2, 2012) (unpublished) (ECF No. 13-10). Mr. Davis did not seek review in the Colorado Supreme Court and on September 28, 2012, the Colorado Court of Appeals issued its mandate. (*See* ECF No. 13-11.)

The Application was filed on September 12, 2013. Mr. Davis contends in the Application that his Fifth Amendment rights were violated because he did not receive an adequate Miranda warning (claim one); trial counsel was ineffective by failing to publish photographs and present other evidence that demonstrates his confession was coerced (claim two); direct appeal counsel was ineffective by failing to raise illegal arrest and illegal sentence issues (claim three); postconviction counsel was ineffective by failing to file appeals from the denials of the Rule 35(c) motions (claim four); his Fifth Amendment rights were violated because his confession was false and coerced (claim five); the lack

3

of physical evidence corroborating his coerced confession violates the corpus delicti rule

and his constitutional right to due process (claim six); and he has a right to file this

habeas corpus action (claim seven).

The Court notes initially that claims four and seven do not present cognizable

habeas corpus issues and may not be raised in this action.  Claim four, in which Mr.

Davis argues that postconviction counsel was ineffective, is not cognizable because

"[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-

conviction proceedings shall not be a ground for relief in a proceeding arising under

section 2254."  28 U.S.C. § 2254(i).  Claim seven is not a cognizable habeas corpus

claim because Mr. Davis does not allege any facts in claim seven that challenge the

validity of his conviction or sentence.  Therefore, claims four and seven will be

dismissed.

Respondents first argue that this action is untimely because it is barred by the

one-year limitation period in 28 U.S.C. § 2244(d).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State court.  The limitation period shall
> run from the latest of–
>
> > (A)  the date on which the judgment became
> > final by the conclusion of direct review or the
> > expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing
> > an application created by State action in
> > violation of the Constitution or laws of the
> > United States is removed, if the applicant was
> > prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right
> > asserted was initially recognized by the

4

Supreme Court, if the right has been newly
recognized by the Supreme Court and made
retroactively applicable to cases on collateral
review; or

(D)  the date on which the factual predicate of
the claim or claims presented could have been
discovered through the exercise of due
diligence.

(2)  The time during which a properly filed application for
State post-conviction or other collateral review with respect
to the pertinent judgment or claim is pending shall not be
counted toward any period of limitation under this
subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the

date on which Mr. Davis' conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A).  In

general, a conviction becomes final following a decision by the state court of last resort

on direct appeal when the United States Supreme Court denies review, or, if no petition

for writ of certiorari is filed, when the time for seeking such review expires.  *See Locke*

*v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

As noted above, the Colorado Supreme Court denied Mr. Davis' petition for writ

of certiorari on direct appeal on January 22, 2008.  Pursuant to Rule 13.1 of the Rules

of the Supreme Court of the United States, Mr. Davis had ninety days to seek review in

the United States Supreme Court but he did not do so.  Therefore, Mr. Davis' conviction

became final on April 21, 2008, when the time for filing a petition for writ of certiorari in

the United States Supreme Court expired.

The Court also finds that the one-year limitation period began to run on April 21,

2008, because Mr. Davis does not contend he was prevented by unconstitutional state

action from filing this action sooner, he is not asserting any constitutional rights newly

recognized by the Supreme Court and made retroactively applicable to cases on

collateral review, and he knew or could have discovered the factual predicate for his

remaining claims before his conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(B) -

(D).

       Mr. Davis did not initiate this action within one year after April 21, 2008.

Therefore, the next question the Court must answer is whether the one-year limitation

period was tolled for any amount of time.  Pursuant to 28 U.S.C. § 2244(d)(2), a

properly filed state court postconviction motion tolls the one-year limitation period while

the motion is pending.  An application for postconviction review is properly filed within

the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with

the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of
> any required filing fees; (3) the obtaining of any necessary
> judicial authorizations that are conditions precedent to filing,
> such as satisfying any filing preconditions that may have
> been imposed on an abusive filer; and (4) other conditions
> precedent that the state may impose upon the filing of a
> post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

       The issue of whether a state court postconviction motion is pending for the

purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into

relevant state procedural laws."  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir.

2000).  The term "pending" includes "all of the time during which a state prisoner is

attempting, through proper use of state court procedures, to exhaust state court

6

remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents concede that the one-year limitation period was tolled during the pendency of the Rule 35(b) motion for sentence reconsideration filed on May 22, 2008. That motion was denied on May 28, 2008, and there was no appeal.  Pursuant to the version of Rule 4(b) of the Colorado Appellate Rules applicable in 2008, Mr. Davis had forty-five days to file a notice of appeal after the Rule 35(b) motion was denied. Therefore, the Rule 35(b) motion tolled the one-year limitation period from May 22, 2008, until July 14, 2008,[1]  when the time expired to file an appeal following the trial court's May 28, 2008 order.  However, the thirty days between April 21, 2008, and May 22, 2008, count against the one-year limitation period.

Respondents also concede that the one-year limitation period was tolled while the first postconviction Rule 35(c) motion filed on July 18, 2008, was pending. However, the three days between July 14, 2008, and July 18, 2008, also count against the one-year limitation period.  The trial court denied the first Rule 35(c) motion on July 24, 2008, and, although Mr. Davis alleges that he hired counsel to file an appeal, he did not appeal the denial of the first Rule 35(c) motion.  Therefore, the one-year limitation

---

[1]The forty-fifth day after May 28, 2008, was Saturday, July 12, 2008.  Therefore, the filing deadline extended until Monday, July 14, 2008.  *See* C.A.R. 26(a).

period was tolled with respect to the first Rule 35(c) motion until September 8, 2008,[2]

when the time expired to file an appeal following the trial court's July 24, 2008 order.

Thus, as of September 8, 2008, a total of thirty-three days of untolled time (30 + 3 = 33)

counted against the one-year limitation period, and 332 days (365 - 33 = 332) remained

to run.  The remaining 332 days ran unabated after September 8, 2008, until the one-

year limitation period expired in August 2009.

The record before the Court demonstrates that Mr. Davis did not file his second

postconviction Rule 35(c) motion in the trial court until September 3, 2010 (*see* ECF No.

13-1 at 10), which was after the one-year limitation period already had expired in August

2009.  Therefore, the second Rule 35(c) motion did not toll the one-year limitation

period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly

filed state court postconviction motions toll the one-year limitation period only if they are

filed within the one-year limitation period).  As a result, the Application is barred by the

one-year limitation period in the absence of some other reason to toll the one-year

limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled

for equitable reasons.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Generally,

equitable tolling is appropriate if the petitioner shows both "that he has been pursuing

his rights diligently" and "that some extraordinary circumstance stood in his way" and

prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418

(2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable

---

[2]The forty-fifth day after July 24, 2008, was Sunday, September 7, 2008.  Therefore, the filing deadline extended until Monday, September 8, 2008.  *See* C.A.R. 26(a).

neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808.
Furthermore, in order to demonstrate he pursued his claims diligently, Mr. Davis must
"allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang
v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Davis argues in the "Motion to Accept Habeas Corpus as 'Timely Filed'" that
the one-year limitation period is subject to equitable tolling for two reasons. He first
contends that equitable tolling is appropriate because he is proceeding *pro se* and has
been denied adequate, effective, and meaningful access to a law library due to moves
between facilities, numerous lockdowns at the Sterling Correctional Facility, the number
of inmates at the Sterling Correctional Facility seeking access to the law library, the high
cost of printing legal research materials, the absence of typewriters in the law library,
and the recent Colorado floods. Mr. Davis also contends that the one-year limitation
period is subject to equitable tolling because the attorney he hired to represent him in
the state court postconviction proceedings was ineffective. The Court is not persuaded
that either argument justifies equitable tolling.

The fact that Mr. Davis is proceeding *pro se* is not sufficient, by itself, to justify
equitable tolling because "it is well established that ignorance of the law, even for an
incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v.
Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted). Even
when Mr. Davis' *pro se* status is considered together with his assertion that he has been
denied adequate access to the prison law library, the Court still finds that equitable
tolling is not justified. *See Gibson*, 232 F.3d at 808 ("a claim of insufficient access to
relevant law . . . is not enough to support equitable tolling."). Mr. Davis does not allege

that he was completely denied access to the law library and he does not specify when
he has been denied adequate, effective, and meaningful access to the prison law
library. "Even with limited access to a prison law library, he could raise [in federal court]
only issues previously submitted in state court, so much of the research would already
have been done." *Coppage v. McKune*, 534 F.3d 1279, 1282 (10th Cir. 2008). Mr.
Davis also fails to allege with specificity the steps he has taken to pursue his federal
claims. *See Yang*, 525 F.3d at 930. Therefore, the Court finds that Mr. Davis fails to
demonstrate equitable tolling is appropriate based on his *pro se* status and the alleged
lack of adequate, effective, and meaningful access to the prison law library.

The Court next will address whether equitable tolling is appropriate based on Mr.
Davis' argument that the attorney he hired to represent him in state court postconviction
proceedings was ineffective. According to Mr. Davis, the attorney he hired failed to
appeal from the trial court's July 24, 2008 order denying his first postconviction Rule
35(c) motion and, instead, filed only an obviously successive Rule 35(c) motion in
September 2010.

Under certain circumstances, attorney misconduct may "amount to egregious
behavior and create an extraordinary circumstance that warrants equitable tolling." *See
Holland*, 130 S. Ct. at 2563. However, even if the Court assumes that equitable tolling
is appropriate for the period from 2008 to 2010 during which Mr. Davis contends he
relied on counsel to pursue his postconviction claims, the action still is untimely. As
noted above, only 332 days of the one-year limitation period remained to run when the
first Rule 35(c) motion was filed. Therefore, if the Court assumes that the one-year
limitation period was tolled for equitable reasons until the second Rule 35(c) motion was

filed in September 2010, and that the one-year limitation period also was tolled while the

state court proceedings relevant to the second Rule 35(c) motion were pending, the

tolling ended when the time expired to seek certiorari review in the Colorado Supreme

Court after the Colorado Court of Appeals affirmed the denial of the second Rule 35(c)

motion on August 2, 2012.  Pursuant to Rule 52(b)(3) of the Colorado Appellate Rules,

for all cases filed after January 1, 2012, a petition for writ of certiorari must be filed

within forty-two days of the issuance of an opinion if no petition for rehearing is filed.

Thus, the tolling ceased on September 13, 2012.  Under this scenario, the remaining

332 days then ran uninterrupted until the one-year limitation period expired on August

12, 2013.[3]

The Application was not filed until September 12, 2013, although Mr. Davis'

signature on the Application is dated August 15, 2013 (*see* ECF No. 1 at 20), and the

certificate of mailing attached to the Application indicates the Application was mailed to

the Court the same date (*see id.* at 24).  Therefore, even if the one-year limitation period

was equitably tolled until September 13, 2012, and the instant action was deemed filed

on August 15, 2013, pursuant to the prisoner mailbox rule, *see Price v. Philpot*, 420

F.3d 1158, 1163-66 (10th Cir. 2005), the Application still was filed too late.

In conclusion, Mr. Davis' fourth and seventh claims in the application will be

dismissed because neither of those claims raises a cognizable federal constitutional

issue.  Mr. Davis' first, second, third, fifth, and sixth claims in the application will be

dismissed as barred by the one-year limitation period.  Because the Court finds that all

---

[3]The 332nd day after September 13, 2012, was Sunday, August 11, 2013.  Therefore, the deadline would have been extended until Monday, August 12, 2013.  *See* Fed. R. Civ. P. 6(a)(1)(C).

of Mr. Davis' cognizable habeas corpus claims are untimely, the Court need not address Respondents' additional argument that some of the claims also are unexhausted and procedurally barred.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the "Motion to Accept Habeas Corpus as 'Timely Filed'" (ECF No. 14) and the "Second Motion for Appointment of Counsel for Habeas Corpus" (ECF No. 15) are denied.  It is

FURTHER ORDERED that the Application (ECF No. 1) is denied and the action is dismissed for the reasons specified in this order.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this _5th_ day of __December__, 2013.

BY THE COURT:


__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court